Dear Mr. Taylor:
You requested reconsideration of our recent opinion finding that under R.S. 33:7721, et seq., the assessment fee of $2.50 per month recently approved by the Livingston Parish voters and levied by the Livingston Parish Mosquito Abatement District ("the District") may be placed on the tax rolls. We believe that our conclusion, that the assessment fee may be placed on the tax rolls, is correct. We understand that you are now asking if the assessment fee must be placed on the tax rolls.
The statutory authority for the service charge is found in La.R.S.33:7726, which provides in pertinent part as follows:
 "A. A mosquito abatement district created under the provisions of this Chapter may levy and collect special taxes, including monthly service charges to customers of waterworks districts within the mosquito control district, to finance its programs. It may use legal, proper, necessary, and expedient means to collect and enforce the collection of such taxes, including the contracting with a waterworks district
located within the same parish to collect a monthly service charge for mosquito control.
 B. Any monthly service charge so levied shall be uniform upon the customers of the waterworks district, but each separate water meter or connection to the waterworks district's water supply lines shall be treated as a separate customer for purposes of the service charge. The waterworks district, acting as collection agency for special taxes of the mosquito abatement district, may add the tax levied by said mosquito abatement district to the water bills of its customers . . ." (Emphasis added)
As you noted, assessments pertain to the value of property. The primary function of an assessor is to determine the value of property subject to ad valorem taxation and to list said property on the assessment rolls. In connection with the District's assessment fee, you are being requested to put a $2.50 monthly fee on the assessment rolls. The monthly fee is tied not to the ad valorem property but to electric meters. Generally, the meters are owned by the company or district supplying the electricity and not to the owner or occupant of the property. The Assessor's Office does not maintain nor does it have ready access to records listing the names of the customers who have electric meters. Your office does not have the staff or the capabilities to keep track of the numerous changes which occur on at least a monthly basis to the list of electric customers and to continue to perform your other constitutional and statutory duties. You raised issues of how the monthly fee would be allocated if, for example, the meter was located at an apartment or leased property that changed tenants several times during the year, especially as the assessor's rolls close on August 31st each year. There is no mechanism in the statute or otherwise in law to pro-rate the assessment fee. You also question enforcement of the assessment fee as there is no property which could be seized and sold in the event of non-payment of the assessment fee.
In our previous opinion, we referred you to Op.Atty.Gen. 97-129 which we believe is applicable to the situation at hand. Op.Atty.Gen. 97-129 concluded that a fire protection service charge can be carried on the tax rolls by the assessor if having the charges carried on the tax rolls would assist the fire protection district in its collection efforts. It was further observed that there was no requirement for the assessor to carry such service charge on the tax rolls unless a mutually agreeable arrangement could be made between the assessor and the district.
Your questions appear to be whether having the charge carried on the tax rolls would assist the District in its collection efforts and whether your office and the District can confect a mutually agreeable arrangement. We cannot answer those questions. We understand that numerous problems are raised by the District's attempts to put the assessment fee on the tax rolls. We suggest that you confer with the District and explain the problems which would be encountered and discuss if there are any possible solutions. It is possible that legislation is necessary in order to resolve the issues which you raised. If you and the District can not come to mutually acceptable terms, you are not mandated by law to place the assessment fee on the tax rolls.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________ MARTHA S. HESS Assistant Attorney General
CCF/MSH